IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NORA HARRISON BARKEY, ) | | |
| ) | | |
| Petitioner, ) | Case No. CV 09-0109-E-MHW | |
| ) | | |
| v. ) | | |
| ) | **INITIAL REVIEW ORDER** | |
| STATE OF IDAHO, ADA COUNTY, ) | | |
| ) | | |
| Respondent. ) | | |
| _____ ) | | |

Idaho state prisoner Nora Harrison Barkey has filed a Petition for Writ of Habeas Corpus with this Court under 28 U.S.C. § 2254.  The Court is required to screen the Petition upon receipt to determine whether it is subject to summary dismissal.  *See* Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules).  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Id*.

## BACKGROUND

Petitioner was charged with escape from custody after she failed to report back from a day of work to the East Boise Community Work Center.  She subsequently agreed to plead guilty to that charge in exchange for the State's agreement not to charge her as a persistent violator of the law, and the state district court sentenced her to five years fixed

**INITIAL REVIEW ORDER - 1**

in prison. Petitioner's direct appeal was unsuccessful in the Idaho Court of Appeals, and the Idaho Supreme Court denied review on February 24, 2009.

In the single claim in her Petition for Writ of Habeas Corpus, Petitioner alleges that her Eighth Amendment right to be free from cruel and unusual punishment was violated when a correctional officer sexually assaulted her during a pat down search while she was in custody at the Work Center.

## STANDARD OF LAW

Habeas relief extends to a person in custody under a state court judgment who is being held in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

"Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." *Badea v. Cox,* 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser* at 498-99). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, the conditions under which an inmate is confined. *Id*. Specifically, in *Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003), the Ninth Circuit determined that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Id*. at 858-59; *cf. Docken v. Chase*, 393 F.3d 1024, 1031

**INITIAL REVIEW ORDER - 2**

(9th Cir. 2004) (allowing a claim challenging the timing of parole hearings to go forward in a habeas petition because success on that claim "could potentially affect the duration of [the prisoner's] confinement").

## DISCUSSION

Petitioner's cruel and unusual punishment claim, based on a correctional officer's alleged sexual assault, is a "conditions of confinement" claim rather than a claim that challenges an aspect of the criminal process that led to her state court conviction. The remedy for this type of constitutional injury would be monetary damages or perhaps injunctive relief, but would not include a quicker release from prison. Therefore, the claim is more appropriately brought in a civil rights action under 42 U.S.C. § 1983 rather than a habeas corpus action under 28 U.S.C. § 2254. *See Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003). Indeed, Petitioner has made essentially these same allegations in a civil rights lawsuit that is pending in this District. *Barkey v. Reinke and Melin*, CV 07- 471-S-BLW. As currently framed, then, the Eighth Amendment claim is not cognizable in a habeas corpus proceeding and must be dismissed without prejudice.

In additional pages that Petitioner has attached to her Petition, she also mentions in a conclusory fashion that her criminal prosecution for escape was impermissibly "selective," that the prosecutor interfered with her ability to consult with her attorney, that she was coerced into pleading guilty, and that the judge was biased. Such potential Sixth and Fourteenth Amendment claims would be cognizable in a habeas proceeding, but even

**INITIAL REVIEW ORDER - 3**

if Petitioner intended to raise these issues, which is not clear, it plainly appears that she has not exhausted them properly in the state courts.

A state prisoner must exhaust her state court remedies with respect to all federal constitutional claims before coming to federal court. 28 U.S.C. § 2254(b). State court remedies are properly exhausted when the prisoner fairly presented all federal constitutional claims at each level of the state's appellate review process, giving the state courts a full opportunity to pass on and correct the alleged constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Here, the only claim that Petitioner raised during her direct appeal was that the district court abused its discretion in sentencing her, which is not a federal constitutional claim.

Petitioner may still have a potential avenue to raise certain federal constitutional claims in a state post-conviction relief proceeding. Idaho Code § 19-4901. A post-conviction application must be filed within one year of "the determination of an appeal." Idaho Code § 19-4902. Based on the information provided by Petitioner, the Idaho Supreme Court issued its Remittitur in this case on February 23, 2009. Under state law, Petitioner would have one year from that date in which to submit a post-conviction petition in state district court.[1]

---

[1] Petitioner should also be aware that there is a one-year limitation period for filing a *federal* habeas corpus petition, which usually begins to run upon the completion of the direct appeal in state court. 28 U.S.C. § 2244(d). The time during which a properly-filed post conviction action is pending in state court will toll (suspend) the one-year period, *see* 28 U.S.C. § 2244(d)(2), but the period will continue to run *between* the completion of the direct appeal and the submission of the post-conviction action. In other words, the time that nothing is pending in state court counts against the one year. For

**INITIAL REVIEW ORDER - 4**

For these reasons, it plainly appears from the Petition and its attachments that Petitioner would not be entitled to relief in the district court, and the Petition is subject to summary dismissal.  *See* Habeas Rule 4.  Petitioner shall have an opportunity to address the deficiencies noted herein and show cause why the Petition should not be dismissed. Petitioner may instead choose to file a notice of voluntary dismissal with the Court.  Any dismissal would be without prejudice to refiling properly exhausted and cognizable habeas claims at an appropriate time.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that no later than 30 days after this Order is entered, Petitioner shall file a response showing cause why her Petition should not be dismissed.  Petitioner shall label any response a "Motion to Proceed With Habeas Petition."



DATED: May 22, 2009

Honorable Mikel H. Williams
United States Magistrate Judge

---

instance, if a state prisoner waits six months to file a post-conviction action after the appeal, she will have six months to come to federal court after the post-conviction action is finished.
    Petitioner should calculate her federal statute of limitations carefully before returning to federal court.

**INITIAL REVIEW ORDER - 5**