IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NORA HARRISON BARKEY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 09-0109-E-EJL |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM ORDER** |
| STATE OF IDAHO, ADA COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Idaho state prisoner Nora Harrison Barkey filed a Petition for Writ of Habeas Corpus with this Court under 28 U.S.C. § 2254. United States Magistrate Judge Mikel H. Williams conducted an initial review of the Petition, noting that it appeared to contain claims that were either not cognizable in a habeas proceeding or were not yet exhausted in state court. (Docket No. 5.) Judge Williams gave Petitioner an opportunity to address these deficiencies, and she has since filed a Response to Initial Review Order and a Request for an Attorney. (Docket No. 6.)

Because Petitioner has not consented to the jurisdiction of a magistrate judge, the case has been reassigned to the undersigned district judge. (Docket No. 8.) The Court has now independently reviewed the Petition and finds that it is subject to dismissal without prejudice.

**MEMORANDUM ORDER - 1**

## BACKGROUND

Petitioner was charged with escape from the custody of the Idaho Department of Correction after she failed to report back to the East Boise Community Work Center. In exchange for the State's agreement not to charge her as a persistent violator of the law, Petitioner agreed to plead guilty to the escape charge. The state district court sentenced her to five years fixed in prison. Petitioner's direct appeal was unsuccessful in the Idaho Court of Appeals, and the Idaho Supreme Court denied review on February 24, 2009. It is unclear whether the Remittitur was issued at that same time.

In her Petition, Petitioner alleges that that her Eighth Amendment right to be free from cruel and unusual punishment was violated when a correctional officer sexually assaulted her during a pat down search while she was at the Work Center. In additional pages attached to the Petition, Petitioner also states that her criminal prosecution was impermissibly "selective," that the prosecutor interfered with her ability to consult with her attorney, that she was coerced into pleading guilty, and that the judge was biased.

## MOTION FOR THE APPOINTMENT OF COUNSEL

Petitioner has requested the appointment of counsel. There is no constitutional right to counsel in a habeas corpus action, but a habeas petitioner does have a right to counsel, as provided by rule, if an evidentiary hearing is required in her case. *See* Rule 8(c) of the Rules Governing Section 2254 Cases. A federal court may also exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28

**MEMORANDUM ORDER - 2**

U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate her claims in light of the complexity of the legal issues and her likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner has been able to articulate her claims sufficiently, and, as addressed below, there is no present chance of an evidentiary hearing or success on the merits. Her request for counsel shall be denied.

## REVIEW OF THE PETITION

### Standard of Law

The Court is required to screen habeas petitions to determine whether they is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

Habeas relief extends to a person in custody under a state court judgment who is being held in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

"Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." *Badea v. Cox,* 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser* at 498-99). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, the conditions under which an inmate is confined. *Id*. In *Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003), the Ninth Circuit determined that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Id*. at 858-59.

**Discussion**

Petitioner's primary claim, that a correctional officer's alleged sexual assault violated her right to be free from cruel and unusual punishment, is a "conditions of confinement" claim, rather than a challenge to the criminal process that led to her conviction for escape. In other words, if she could prove a constitutional violation based on these facts, she may be entitled to monetary compensation, or perhaps injunctive relief, but she has not explained why she would be entitled to a quicker release from custody. As a result, this claim is more appropriately brought in a civil rights action under 42 U.S.C. § 1983 instead of a habeas proceeding under 28 U.S.C. § 2254.[1]

It may be that Petitioner believes that the sexual assault provided her with some type of defense to the criminal charge, and that she was unconstitutionally prevented from

---

[1] The Court notes that Petitioner has made essentially these same allegations in a civil rights lawsuit that is pending in this District. *Barkey v. Reinke and Melin*, CV 07- 471-S-BLW.

**MEMORANDUM ORDER - 4**

offering such a defense, but she has neither clearly made that claim in this proceeding nor has she presented such a claim to the Idaho Supreme Court. A state prisoner must exhaust her state court remedies with respect to all federal constitutional claims before coming to federal court. 28 U.S.C. § 2254(b). State court remedies are properly exhausted when the prisoner fairly presented all federal constitutional claims at each level of the state's appellate review process, giving the state courts a full opportunity to pass on and correct the alleged constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The only claim that Petitioner raised during her direct appeal was that the district court abused its discretion in sentencing her, which is not a federal constitutional claim. The lack of proper exhaustion also holds true with respect to Petitioner's conclusory assertions that the criminal prosecution was impermissibly selective, that the prosecutor interfered with her ability to consult with her attorney, that she was coerced into pleading guilty, and that the judge was biased. Petitioner has never raised any of these issues properly in the Idaho Supreme Court.

Nevertheless, Petitioner may still have a potential avenue of relief in a state post-conviction relief proceeding filed in state district court. Idaho Code § 19-4901 (permitting a convicted defendant to assert that "the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of this state"). A post-conviction petition must be filed within one year of "the determination of an appeal." Idaho Code § 19-4902(a). Based on the information provided by Petitioner, the Idaho Supreme Court denied her Petition for Review on February 24, 2009. It is unclear when the Remittitur was issued, but under state law Petitioner would have one year from the completion of her direct appeal

**MEMORANDUM ORDER - 5**

in which to submit a post-conviction petition in state district court. That time has not yet expired.

For these reasons, it plainly appears from the Petition and its attachments that Petitioner is not presently entitled to relief in the district court. *See* Habeas Rule 4. Petitioner has had an opportunity to address these deficiencies, and she has not persuaded the Court that the case must be retained. Accordingly, the Petition shall be dismissed without prejudice to refiling properly exhausted and cognizable habeas claims at an appropriate time.[2]

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Request for Counsel (Docket No. 6) is DENIED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED without prejudice.

---

[2] Magistrate Judge Williams' admonition bears repeating that Petitioner should calculate her federal statute of limitations carefully before returning to federal court. 28 U.S.C. § 2244(d)

**MEMORANDUM ORDER - 6**

IT IS FURTHER ORDERED that the Application for In Forma Pauperis Status (Docket 1) is DEEMED MOOT.

DATED: **January 22, 2010**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 7**